**Supreme Court**
No. 2012-209-Appeal.

Robert J. Michaud        :

v.              :

Rhode Island Department     :
of Labor and Training.

**O R D E R**

The plaintiff, Robert J. Michaud, appeals from a Superior Court order granting the motion to dismiss requested by the defendant, Rhode Island Department of Labor and Training (department). This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Superior Court.

Mr. Michaud had been employed as a painter by Electric Boat for approximately three years when, on August 21, 2010, he was arrested by the North Kingstown Police Department pursuant to an outstanding bench warrant. After being presented in District Court, he was held and confined until he was released on December 1, 2010. Following his release, Michaud contacted Electric Boat to resume his employment; however, he was informed that, because he had failed to report to work for more than five consecutive days, the employer had determined that Michaud had abandoned his position. He was further advised that he could re-apply for employment one year after the date of his termination.

Mr. Michaud subsequently filed a claim for unemployment benefits; but, on January 4, 2011, the director of the department, through a designee, determined that Michaud was not eligible to receive benefits pursuant to G.L. 1956 § 28-44-17.[1]  Mr. Michaud filed a timely appeal, which was heard on April 27, 2011 by a referee.  The main issue, according to the referee, was whether Michaud had left work voluntarily and with good cause pursuant to § 28-44-17.  Based on the testimony and evidence produced at the hearing, the referee determined that Michaud was not entitled to receive benefits because "[i]t has long been established that individuals who cannot report to their shifts due to incarceration are determined to have voluntarily left their job without good cause."  The plaintiff filed an appeal with the Board of Review (board); and, on July 1, 2011, the board affirmed the referee's decision.  Mr. Michaud then filed a complaint for judicial review in the District Court.  A magistrate recommended that the board's decision be affirmed, and the Chief Judge of the District Court thereafter reviewed the record de novo and determined that the magistrate's findings and recommendations were supported by the record.  On September 26, 2011, the District Court entered an order affirming the board's decision.

On October 14, 2011, Michaud filed a similar complaint against the department, this time in the Superior Court, requesting that the board's decision be reversed.  A default was entered on March 6, 2012, in favor of Michaud; however, the department subsequently filed a motion to vacate the default and dismiss the complaint.  At a hearing on May 7, 2012, the department argued that it had not been served properly and notice was not given and that the default should be vacated.  Secondly, the department contended that the Superior Court should dismiss

---

[1] General Laws 1956 § 28-44-17, entitled "Voluntarily leaving without good cause," states, in pertinent part, that "[a]n individual who leaves work voluntarily without good cause shall be ineligible for waiting period credit or benefits for the week in which the voluntary quit occurred * * *."

Michaud's complaint because it lacked jurisdiction to hear appeals related to unemployment insurance matters taken from the District Court pursuant to § 28-44-55[2] and G.L. 1956 § 28-35-29.[3]

At the conclusion of the hearing, the trial justice granted the department's motion and dismissed Michaud's complaint. An order to that effect was entered on May 29, 2012, and Michaud appealed to this Court.[4] Additionally, on August 2, 2012, Michaud filed a petition for writ of certiorari seeking review of his case, which petition was denied by this Court on November 14, 2012.

On appeal from the Superior Court order, Michaud states, in his filings with this Court, that he "do[es] not understand why [he] keep[s] getting [d]enied" unemployment benefits and requests that this Court "[h]elp [him] collect" those benefits. The issue, however, before this Court is not whether Michaud is entitled to collect unemployment benefits but, rather, whether the Superior Court justice erred in dismissing his complaint.

Mr. Michaud's review of the board's decision was brought before the District Court under § 28-44-52.[5] Procedurally, pursuant to § 28-44-55 and § 28-35-29, Michaud's means of

---

[2] General Laws 1956 § 28-44-55 states: "An appeal may be taken from the decision of the [D]istrict [C]ourt to the [S]upreme [C]ourt of Rhode Island in the same manner as an appeal is taken under [G.L. 1956] § 28-35-29, relating to appeals in cases under the workers' compensation law."

[3] General Laws 1956 § 28-35-29(a), in pertinent part, states:
> "Any person aggrieved by a final decree of the [A]ppellate [D]ivision of the [W]orkers' [C]ompensation [C]ourt rendered pursuant to § 28-35-28 may, within twenty (20) days from the entry of the final decree, petition the [S]upreme [C]ourt for a writ of certiorari to review the decree on the grounds specified in § 28-35-30."

[4] Although Michaud filed his appeal before the Superior Court order was entered, we shall treat his appeal as timely. See Chapdelaine v. State, 32 A.3d 937, 941 n.1 (R.I. 2011).

[5] Section 28-44-52 states that the decision of the board "shall be final unless any party in interest * * * initiates judicial review by filing a petition with the clerk of the [S]ixth [D]ivision of the [D]istrict [C]ourt within thirty (30) days * * *."

obtaining appellate review was to petition this Court for a writ of certiorari within twenty days after the entry of the District Court order. Instead, he filed a complaint in the Superior Court. This Court has previously stated that, although "the Superior Court is a court of general equitable jurisdiction, * * * its jurisdiction is not limitless." La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights, 419 A.2d 274, 279 (R.I. 1980). The Superior Court does not have "jurisdiction to hear and confront the merits of any case wherein the power of determination" has been "specifically conferred upon another tribunal." Id. Because the Legislature, under § 28-44-52, conferred jurisdiction upon the District Court to review the board's decision, the Superior Court did not have jurisdiction over Michaud's case.

For the reasons stated in this order, we affirm the order of the Superior Court dismissing Michaud's complaint. The record in this case may be remanded to the Superior Court.

Entered as an order of this Court on this 18th day of June, 2013.

By Order,

_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Robert J. Michaud v. Rhode Island Department of Labor and Training.

**CASE NO:**    No. 2012-209-Appeal
(PC 11-5914)

**COURT:**    Supreme Court

**DATE ORDER FILED:**    June 18, 2013

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Robert J. Michaud, Pro se

For Defendant:  Bernard P. Healy, Esq.